362

No. 4792.

Circuit Court of Appeals, Third Circuit.

Aug. 9, 1932.

Rehearing Denied Sept. 23, 1932.

W. Hastings Swenarton, of New York City, for appellant.

Pitney, Hardin & Skinner, of Newark, N. J. (Theodore S. Kenyon, Wm. Houston Kenyon, Frederick Bachmann, and Kenyon & Kenyon, all of New York City, of counsel), for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

The invention of the Gore and Lawson patent (No. 1,492,977) relates to fiber ropes or, more particularly, to the internal construction of the strands of a rope whereby, it is claimed, their strength is increased.

Although the issue of validity is sharply contested, we shall assume, without deciding, that the patent is valid within the terms of the claim and dispose of the case on the issue of infringement.

In talking about fiber ropes, terms in the art must be used and understood. "Fiber" usually means raw hemp. It reaches a cordage plant in the form of single fibers, from eight to fifteen feet long, in a more or less tangled mass. Hemp fibers when combed, lying straight in a pack, parallel with one another and not twisted are called a "sliver." A sliver when drawn and spun becomes "yarn." Two or more yarns twisted together form a "strand"; and, finally, two or more strands twisted together make a "rope." "Twist" indicates the turns of a fiber, yarn or strand per unit length, for instance, an inch.

The way they are twisted, right or left, together with the degree of hardness of the twists, is referred to as the "lay," variations of which are termed the "pitch."

Each strand naturally has two parts: One is the cover made up of one or more layers of yarn; the other is the core made in different ways. It is to the core that the invention of the patent is mainly directed and on this point the issue of infringement turns.

The invention of the patent is predicated on several known factors in the art. A fiber is strongest when it is straight; but as it is only a few feet long innumerable fibers must be twisted or fastened together to make a rope of 100 or 1,000 feet. Every twist reduces their strength; therefore, the greater the number of twists, the weaker the rope; and, conversely, the smaller the number of twists, the stronger the rope. Hence the problem in rope manufacture is to get near the normal strength of the straight fibers by employing a minimum of twists.

Numerous twists in the cover of a strand are inevitable. The twists in the core, however, can be reduced because the load strain on a strand causes the covering yarns to twist tighter and compress the core fibers and hold them against their tendency to untwist or pull out. The result is that the axial load is carried mainly by the tightly compressed core fibers of the strand. Cover compression permits reduction of core twists and a consequent approach to the strength of straight fibers. To carry out this idea Gore and Lawson conceived the invention and disclosed it by claim 4, the only one in issue, as follows:

"A fiber rope composed of a plurality of strands twisted together, each strand comprising a plurality of individually twisted yarns arranged in a plurality of layers, the covering yarns having a shorter pitch of lay than the core yarns and the length of the core yarns, in a given length of strand, being less than that of the covering yarns."

Remembering that yarn is always spun fibers, the patent, roughly stated, calls for strands of complete yarn composition; a yarn cover and a yarn core, each with a different pitch of lay.

The defendant operates under two patents, original No. 1,442,790, reissue No. 16,-101; and No. 1,558,420. The first provides for a rope with each strand having "a core of fiber laid parallel to one another in substantially untwisted relation"; the other, a rope with each strand having "a core of fibers

* * * lying substantially parallel in helices about the axis of the said strand." Briefly stated, these patents call for strands with a twisted yarn cover and a sliver core, differing essentially in the core element from the yarn core of the Gore and Lawson patent.

Stated more particularly, they disclose, first, a large untwisted sliver core running straight through the center beneath the twisted yarn cover, and second, the same thing except the whole sliver core (with parallel unspun fibers) is bodily curved or twisted in helices about the axis of the strand conformably with the twists of the cover. In other words, the mechanism that twists the cover yarns twists the sliver core, resulting in a decrease of core twists and consequently in an increase of strength—about 25%. The plaintiff says this infringes the patent because it embodies its principle in that "the fibers of the core partake of the same twists as the cover yarns" and, for that reason, "the fibers and cover yarns will move in parallel relation to each other in their formation and will produce the effect desired by the patent."

The plaintiff, in order to support his contention, must prevail upon us to find, as he earnestly insists, that the defendant's sliver core lying in helices about the axis of the strand constitutes a twist and is in fact a yarn. Clearly, on the plaintiff's own showing, a sliver is not a yarn. The essence of a yarn is twisted or spun fibers. A sliver is a body of fibers not twisted. Nor does the fact that the defendant's single sliver core when turned in helices conformably with the twists of the strand cover make the core a yarn. Yarn is the product of spinning a sliver. A sliver unspun is still a sliver, however handled. But accepting for the moment the plaintiff's contention that in the defendant's strand the large core sliver is functionally a yarn, it is only a single yarn and its helical twist is not individual but is made in conjunction with the twists of the strand cover. The patent in suit specifies a strand comprising a plurality of yarns, in the core as in the cover, each with its own twists, arranged in a plurality of layers. Even if the defendant's curved sliver core were a yarn, it is not "individually twisted" and, being a unitary thing, it cannot be a "plurality of individually twisted yarns," and cannot be yarn "arranged in a plurality of layers." We therefore hold on the plain terms of the fourth claim of the patent in suit, to which the invention must be limited, that infringement has not been committed.

The decree dismissing the bill is affirmed.